IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MIRZA KUNJUNDZIC** | * | |
| Petitioner | * | |
| v. | * | **Civil No. 15-3988** |
| | * | (Related to Criminal No. 10-639) |
| **UNITED STATES OF AMERICA** | * | |
| Respondent | * | |

## MEMORANDUM OPINION

*Pro se* petitioner Mirza Kunjundzic has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. ECF No. 166. The Court has considered the Motion and the Government's Opposition. For the reasons described below, the Court **DENIES** the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2014, a federal Grand Jury returned a Second Superseding Indictment against Kunjundzic charging him with eighteen criminal counts in connection with a conspiracy he allegedly engaged in with a Prince George's County Police officer that involved controlled substances, untaxed cigarettes, firearms, and extortion. ECF No. 124.

Kunjundzic entered into an agreement with the Government and pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(Count 8). ECF No. 162. The Government agreed to dismiss the sixteen remaining counts. *Id.*

1

Kunjundzic went through a series of appointed counsel. On November 15, 2010, Allen Orenberg, Esquire, was appointed as counsel for Kunjundzic, but on March 1, 2011, the Court granted Orenberg's Motion for Leave to Withdraw as Counsel on the grounds that the attorney-client relationship had been irreparably damaged. ECF No. 32.

The Court then appointed Barry Coburn, Esquire, as Kunjundzic's successor counsel. However, on September 13, 2011, Coburn filed a Motion to Withdraw as Counsel, advising the Court that Kunjundzic had told him he no longer wanted his services. ECF No. 55. The Court held an attorney inquiry hearing on October 11, 2011 at which Kunjundzic indicated that he had changed his mind. ECF No. 60. Lloyd Liu, Esquire, a lawyer in Coburn's law firm, subsequently filed a Notice of Appearance as counsel. Then, on July 1, 2013, Kunjundzic, acting *pro se,* filed a Motion to have Coburn and Liu dismissed, ECF No. 100, and, on August 5, 2013 they filed their own Motion for Leave to Withdraw as Counsel. ECF No. 106.

On August 22, 2013, the Court held attorney inquiry hearing, at which it warned Kunjundzic that he could not "continuously postpone" his case by complaining of dissatisfaction with counsel. ECF No. 161 at 6: 2—4. When the Court asked Kunjundzic if he still wanted an attorney to represent him in his case, Kunjundzic, instead of responding, said "I am not consenting to anything that's occurring in this courtroom." *Id.* at 9:7—8. The Court then discharged Liu and Coburn from the case and appointed Gary Proctor, Esquire, as standby counsel. ECF Nos. 111, 112.

At the August 22 hearing, the Court and counsel discussed the status of discovery in light of the Court's appointment of standby counsel. Proctor was provided with discovery on the day of the hearing in preparation for possible participation in the trial, and the Government was directed to turn over the same discovery to Kunjundzic one month before trial if he were to

conduct his own defense. ECF No. 161 at 16: 18—19. On December 13, 2013, Kunjundzic filed a motion to terminate Proctor as his counsel, but the Court denied the motion. ECF No. 122. Then, it appears, before the case went to trial, Kunjundzic on his own (without consulting Proctor) contacted the Government to discuss a plea deal and ultimately agreed to plead guilty to the two previously referenced counts. The Court conducted a thorough voir dire of Kunjundzic at the plea hearing with Proctor present but not participating. When asked by the Court whether he was satisfied with Proctor as standby counsel, Kunjundzic responded that he "[had not] talked to him much," but he was "pretty sure" he was "a great lawyer." ECF No. 162 at 33:23. The Court was satisfied that Kunjundzic had knowingly and voluntarily waived his right to counsel and also knowingly and voluntarily entered his guilty plea. *Id.* at 34:9—10. The Court subsequently sentenced Proctor to ten years in custody as to Count 1 of the Second Superseding Indictment and five years in custody as to Count 8 to run consecutively, and be followed by five years of supervised release as to both counts, to be served concurrently. ECF No. 144.

On December 28, 2015, Kunjundzic filed the current motion, arguing that the Court lacked subject matter jurisdiction over this case and that presumably all his counsel were ineffective. ECF No. 166.

## II. ANALYSIS

### A. SUBJECT MATTER JURISDICTION

Kunjundzic's argument that the Court lacks subject matter jurisdiction over this case is baseless. Federal judicial power extends to "all Cases, in Law and Equity, arising under . . . the Laws of the United States . . . ." U.S. Const. art. III § 2 cl. 1. Kunjundzic was charged with and admitted to violating Federal laws, specifically 21 U.S.C. § 846 and 18 U.S.C. §§ 924(c)(2).

3

This, by the way, is also not the first time Kunjundzic has raised this argument – he also challenged the Court's subject matter jurisdiction at the August 22, 2013 attorney inquiry hearing, at which point the Court clearly explained that Kunjundzic was "alleged to have committed crimes that are federal in nature in the state of Maryland," and was "properly taken into custody, based on . . . a warrant with probable cause." ECF No. 161. Therefore, the Court said, it had jurisdiction and "the prosecution [had] authority to prosecute [him] for [his] offenses." *Id.*

That conclusion remains intact. The Court has jurisdiction in this case.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Kunjundzic suggests that his counsel were ineffective in multiple ways. First, he argues that early counsel entered a not guilty plea without his consent. He avers that he was actually "ready to accept the responsibility of his involvement at that time," but counsel nevertheless entered a not guilty plea. ECF No. 166-1 at 4. Next, he argues that his Sixth Amendment rights were violated when counsel and the Government co-signed a discovery agreement "concealing evidence to prove [his] involvement." *Id.* Finally, he asserts that counsel were ineffective, because the quantity of the drugs he was charged with distributing was never challenged, and counsel did not investigate an entrapment defense. ECF No. 166-1 at 6.

To determine whether a petitioner received ineffective assistance of counsel in violation of his Sixth Amendment rights, the court employs the two-prong test set forth by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668 (1984). First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness based on "prevailing professional norms." *Id.* at 688. Counsel must have made errors "so serious that counsel was not

4

functioning as counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. There is a strong presumption that counsel exercised a reasonable level of judgment. *Id.* at 690.

Second, the petitioner must also "affirmatively prove prejudice" by showing that there is "reasonable probability" that the outcome of the case would have been different had it not been for his counsels' unprofessional errors. *Id.* at 693. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Moreover, "[w]hen a defendant challenges a conviction entered after a guilty plea, [the] prejudice prong of the [*Strickland*] test is slightly modified. Then the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Fields v. Atty. Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (quoting *Hooper v. Garraghty*, 845 F.2d 471 (4th Cir. 1988)) (internal citations omitted).

Kunjundzic clearly fails to demonstrate that his counsel were in any way ineffective. There is no evidence to suggest that Kunjundzic's counsel fell below a standard of reasonableness when measured against "prevailing professional norms." *Strickland*, 466 U.S. at 688. The fact that counsel may have entered a plea of not guilty without Kunjundzic's consent is at the outset of the case is routine and ordinary. If a defendant refuses to enter a plea at the time of arraignment, as Kunjundzic did, then "a court must enter a plea of not guilty." Fed. R. Crim. P. 11(a)(4).

Kunjundzic also fails the second prong of *Strickland*, because he concedes that but for counsel's alleged errors, he would have pled guilty earlier. To prevail on an ineffective assistance of counsel claim with respect to a guilty plea, a petitioner must demonstrate that but for counsel, he would definitely have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985). Kunjundzic's counsel had his case on track to go to trial when he originally entered into a not

guilty plea, but it was Kunjundzic himself who foreclosed that opportunity when he contacted the Government to discuss a plea deal. Kunjundzic's dilatory machinations totally belie his lately formulated suggestion that in reality he wanted to plead guilty all along.

### C.  APPEALABILITY

Rule 11(a) of the Federal Rules Governing 28 U.S.C. § 2255 requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Fed. R. Gov. § 2255 Proc. 11(a).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2002); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).  The Court has reviewed the pleadings and the record in this case and it finds that Kunjundzic has not made the requisite showing here.

### D.  CONCLUSION

For these reasons, Kunjundzic's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, ECF No. 166, is **DENIED**;

A Certificate of Appealibility is **DENIED**;

A separate Order will **ISSUE.**

                                                      /s/
                                            **PETER J. MESSITTE**
                                    **UNITED STATES DISTRICT JUDGE**

**May 30, 2017**