IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | Criminal No. **PJM 10-639** |
| | * | |
| **MIRZA KUNJUNDZIC** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Mirza Kunjundzic is serving a 180-month prison term after pleading guilty to one count of Conspiracy to Distribute Cocaine Base and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. On July 17, 2020, based on the COVID-19 pandemic, Kunjundzic moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 184. Before the Court could rule on the Motion, however, the Bureau of Prisons ("BOP") released him to home confinement. Although Kunjundzic withdrew his Motion following his release, just recently, he asked that it be reinstated. ECF No. 192. For the following reasons, Kunjundzic's Motion for Compassionate Release is **DENIED**.

### I.

In 2009, the FBI conducted an undercover investigation of Kunjundzic and his Co-Defendant, Sinisa Simic—then, a Prince George's County police officer. ECF No. 137-1. Between September 2009 and January 2010, Kunjundzic and Simic provided over 280 grams of cocaine base and armed protection for eight illegal shipments of cigarettes and cocaine base, which they unwittingly transported to undercover federal agents. ECF No. 185. In total, Kunjundzic and Simic collected $52,120 for their illicit services. ECF No. 137-1.

1

On October 14, 2010, Kunjundzic and Simic were indicted by a grand jury on two counts: Conspiracy to Distribute Cocaine Base and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. ECF No. 1. The Government later filed a Superseding Indictment alleging many more counts against Kunjundzic, including Hobbs Act Conspiracy, Hobbs Act Extortion, and False Statement During the Purchase of a Firearm. ECF Nos. 36 & 124. Seemingly intent on proceeding to trial, Kunjundzic refused to work with his court-appointed counsel and insisted that he represent himself.

On February 25, 2014, shortly before trial, Kunjundzic entered into a Rule 11(c)(1)(C) plea agreement with the Government. The agreed upon sentence was 180 months imprisonment. ECF No. 137. As is customary with such pleas, no presentence report was issued.

### Kunjudzic's Temporary Release

As noted above, Kunjudzic was released by BOP to home confinement shortly after filing his Motion for Compassionate Release. Under that arrangement, he was to reside with his mother. But, on or around March 15, 2021, she allegedly obtained what is described as a "keep-away" order against him. ECF No. 206-2. With nowhere else to go, Kunjudzic returned to BOP custody, where he remains today. ECF No. 206-1. Against this backdrop, he again seeks immediate release.

### II.

The expanded scope of § 3582(c)(1)(A) under the First Step Act is now well settled. *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). For the Court to grant relief: (1) the movant must present extraordinary and compelling circumstances; and (2) relief must be consistent with the § 3553(a) factors. Here, Kunjundzic fails to meet either requirement.

## A. Extraordinary & Compelling Circumstances

Kunjundzic first moved for compassionate release at the height of the COVID-19 pandemic. At that time, he and the Government agreed that his health qualified as an extraordinary and compelling circumstance under § 3582(c)(1)(A). He claimed to suffer from "chronic kidney disease, high blood pressure, hypothyroidism and [] a BMI of 34.5 [obese]." ECF No. 184 at 2. Those conditions were serious enough to prompt BOP to release him due to the risk of serious illness were he to contract COVID-19. Kunjundzic asserts that those same conditions again warrant his release.

In response, the Government fairly questions the sincerity of Kunjundzic's health concerns. According to records provided by the Government, he has twice refused to receive COVID-19 vaccines while incarcerated.[1] ECF No. 206-3. Facing similar facts, courts around the country have weighed an inmate's vaccine refusal against a finding of extraordinary and compelling circumstances. *See United States v. Baeza-Vargas*, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021) ("an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"); *see also United States v. Greenlaw*, 2021 WL 1277958 (D. Me. Apr. 6, 2021); *United States v. Jackson*, 2021 WL 1145903 (E.D. Pa. Mar. 25, 2021); *United States v. Austin*, 2021 WL 1137987 (E.D. Mich. Mar. 25, 2021); *United States v. Williams*, 2021 WL 321904 (D. Ariz. Feb. 1, 2021); *United States v. Gonzales Zambrano*, 2021 WL 248592 (N.D. Iowa Jan. 25, 2021); *United States v. Lohmeier*, 2021 WL 365773 (N.D. Ill. Feb. 3, 2021). The Court agrees with that approach.

Here, Kunjundzic is only 40 years old and he does not have significant health maladies beyond obesity and kidney disease. ECF No. 185. At the beginning of the pandemic—when

---

[1] On May 12, 2021, Kunjundzic refused the COVID-19 Moderna Vaccine. ECF No. 206-3. On May 26, 2021, he refused the COVID-19 Janssen Vaccine. *Id.*

3

vaccines were unavailable—Kunjundzic's health put him in a greater risk category. That concern has mostly diminished with the distribution of effective vaccines, including to federal inmates like Kunjundzic. Nevertheless, he has declined to protect himself from future infection. While he is certainly free to do so, he cannot simultaneously exploit his medical vulnerability.[2]

## B. The § 3553(a) Factors

Even if extraordinary and compelling circumstances existed, Kunjundzic nevertheless fails to satisfy the factors enumerated in 18 U.S.C. § 3553(a). The charges against him were undoubtedly serious; they involved guns, drugs, and a willful abuse of public trust. However, he downplays that conduct as "non-violent," claiming he has already served a sentence that is sufficient but not greater than necessary. But while the conduct at issue may not have involved physical violence, it did include habitual gun use, a steady supply of hard drugs, and a persistent pattern of criminal conduct. These are simply not the hallmarks of compassionate release.

Nor does it appear that he has undergone meaningful transformation since his incarceration. When he was released by BOP late last year, his behavior was supposedly so problematic that his mother expelled him from her residence and obtained a "keep-away order" against him. ECF No. 206-2. Kunjundzic's own version of events does not provide much reassurance either: he merely reports that "[t]hose living conditions proved not to be a viable place for him to stay." ECF No. 204 at 2. No additional facts are provided. The record before the Court paints a troubling picture that suggests Kujundzic's own mother felt threatened by him in some way. Accordingly, the Court finds that the sentence originally imposed appropriately serves the ends of justice, to deter Kunjundzic and others from similar conduct.

---

[2] To date, he has not proferred any reason why he chose to do so.

4

## CONCLUSION

For the foregoing reasons, Kunjundzic's Motion for Compassionate Release is **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 16, 2021